MINNIE PETERS, as Committee of the Person and Estate of HENRY PETERS, Respondent, v. THE TRAVELERS INSURANCE COMPANY, Appellant. — Defendant has appealed from a judgment of the Sullivan County Trial Term of Supreme Court in favor of the plaintiff in the sum of $2,200. The action was brought to recover disability benefits under the provisions of a life insurance policy, issued by the defendant in favor of Henry Peters, dated May 7, 1928. The policy provided for the payment of $10,000 upon his death and conditionally for disability benefits of $100 per month. Peters became insane and plaintiff was appointed the committee of his person and property. The case was tried before the court and a jury. Specific questions were presented to the jury and the court adopted their findings. The proof discloses that about January 11, 1935, Peters became afflicted with a disease known as syphilis which has affected his mind and body. The evidence sustains the finding that Peters was totally and permanently disabled during the period claimed by plaintiff, and there is sufficient evidence to sustain the verdict of the jury and the findings of the trial court. It is claimed that the court erred in his charge to the jury in defining what is meant by total and permanent disablement. The court correctly instructed the jury on that subject. No errors were committed which require reversal of the judgment and it is unanimously affirmed, with costs. Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERNARD KOZLOWSKI, Appellant.— Defendant was indicted by the grand jury of the county of Ulster for the crime of endangering life by maliciously placing explosives near a building. Defendant pleaded guilty to the indictment and was sentenced by the County Court of Ulster County for an indeterminate term, the minimum of which shall be two years and the maximum of which shall be four years. After being received in State's prison it was discovered that the defendant was a second offender and he was returned to the Ulster County Court for resentence. The district attorney filed an information charging the previous conviction of the defendant for the crime of assault in the second degree under which he had been sentenced to Elmira Reformatory. He pleaded guilty to the information. The previous sentence was then annulled and sentence was imposed by the County Court of Ulster County, the minimum of which shall be twenty-five years and the maximum of which shall be fifty years. The sentence was proper under the provisions of the Penal Law. While this court agrees that the sentence is excessive the county judge had no other alternative. The district attorney of Ulster county has written a letter in connection with this appeal in which he says that he feels that the sentence is excessive when all the facts and circumstances are taken into consideration and that he is willing to do whatever is possible to aid the defendant upon an application for executive clemency. The only relief that can be granted is by executive clemency. Judgment of conviction unanimously affirmed. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.